IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARJORIE L. SCHULTZ, *as*
*Personal Representative of the* ESTATE OF
EDWARD R. MCCARDLE SR.,

      Plaintiff,

v.                                                                 Civ. No. 21-140 GBW

PURDUE PHARMA, et al.,

      Defendants.

## **ORDER TO AMEND COMPLAINT AND SHOW CAUSE**

THIS MATTER comes before the Court on review of the record. Plaintiff filed her Complaint in the United States District Court for the Southern District of New York on November 13, 2020. *Doc. 2*. That Court granted Plaintiff's Application to Proceed Without Prepaying Fees or Costs on February 4, 2021, *doc. 3*, and transferred the case to this Court on February 10, 2021, *doc. 4*.

**The Complaint**

The Complaint contains several defects. First, it fails to state a claim upon which relief can be granted. The only facts it alleges in support of its "wrongful death" claim against Defendant are: (i) "C.O.D. toxic effects of fentanyl. See Death Cert."; and (ii) "loss of father & theft of his property while he was on ICE." *Doc. 2* at 2, 5–6. These allegations fail to state with particularity what Defendant did, when it did it, and what specific right it violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County*

*Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Second, the Complaint does not show that the Court has jurisdiction over this matter. The Complaint indicates that the basis for jurisdiction is "Federal Question," but does not identify which federal constitutional or federal statutory rights have been violated. *Doc. 2* at 2. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Finally, it appears that this action may be barred by the statute of limitations. Wrongful death actions "must be brought within three years" of "the date of death." N.M. Stat. Ann. § 41-2-2. The death certificate attached to the Complaint states that Mr. McCardle's date of death was November 4, 2017. *Doc. 2* at 8. Three years from that date is November 4, 2020, nine days before Plaintiff filed her Complaint.

**Proceedings In Forma Pauperis**

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* provides that "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) ; *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) (unpublished) ("We have held that a pro se complaint filed under a grant of *ifp*

can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.") (internal quotation marks and citation omitted). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not stated a claim over which the Court has jurisdiction and because Plaintiff has not provided the Defendants' address(es). The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Representation of the Estate**

Plaintiff, who is bringing this action as the personal representative of the Estate of Edward R. McCardle Sr., is not an attorney authorized to practice before this Court. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this

Court."). One purpose of the rule against pro se litigants representing another party is to protect the interests of the represented party. Plaintiff may represent the Estate only if she is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("[T]he sole beneficiary of an estate without creditors may represent the estate pro se."); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate").

IT IS ORDERED that Plaintiff shall do the following **within thirty (30) days of the entry of this Order**:

1. File an amended complaint that states a claim over which the Court has jurisdiction. Failure to timely file an amended complaint may result in dismissal of this case.

2. Either (i) have an attorney authorized to practice in this Court enter his or her appearance; or (ii) conclusively demonstrate, with supporting documentation, that: (a) Plaintiff is, or can be, the appointed personal representative of the Estate; (b) she is the sole beneficiary of the Estate; and (c) there are no creditors. Failure to timely make such demonstration may result in dismissal of this case.

4

3. Show cause why this case should not be dismissed as barred by the statute of limitations. Failure to timely show cause may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE